```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

MARTA BRYCELAND,

                    Plaintiff,            MEMORANDUM & ORDER
                                          22-CV-1340(EK)(VMS)
         -against-

JANET MCFARLAND,

                    Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Marta Bryceland filed this *pro se* action against a Family Court judge, alleging the violation of her rights in connection with a family court proceeding.  By Order dated March 4, 2022, the action was transferred to this court from the Southern District of New York.  On June 1, 2022, Plaintiff filed an Amended Complaint.[1]  Plaintiff's application to proceed *in forma pauperis* is granted solely for the purpose of this order, but the Amended Complaint is dismissed without prejudice, as set forth below.

## I. Background

Plaintiff brings this action in connection with a child-custody case that was before the Honorable Janet

---

[1] Plaintiff's Amended Complaint contains numerous references to the full name of her minor child.  The Clerk of Court is directed to limit electronic access to this document to case participants only.  *See* Fed. R. Civ. P. 5.2(a)(3).

McFarland, a referee, in the Family Court of the State of New York, Richmond County.  Plaintiff alleges that Defendant MacFarland violated her rights in that court on various dates in 2019, 2020, and 2021.  She seeks declaratory and injunctive relief, including an order enjoining Defendant from retaliating against her.

## II.  Legal Standards

A complaint must plead enough facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2]  At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).  *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys; the court must read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests.  *See, e.g., Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), I am required to dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when the claim is based on an "indisputably meritless legal theory" — that is, when it "lacks an arguable basis in law or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

### III. Discussion

Plaintiff's allegations against Defendant McFarland arise from actions she took in connection with Plaintiff's child custody action. As set forth below, the action is dismissed because the Defendant is immune from this lawsuit.

Plaintiff's Amended Complaint seeks declaratory and injunctive relief rather than damages. But the statute on which she relies — 42 U.S.C. § 1983 — bars injunctive relief in any action brought "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004) (injunctive relief); *Guerin v. Higgins*, 8 F. App'x 31 (2d Cir. 2001) (declaratory relief). Plaintiff does not allege that

a declaratory decree was violated or that declaratory relief was unavailable.

Moreover, to the extent that Plaintiff seeks damages, it is well-settled that judges have absolute immunity for their judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action [she] took was in error . . . or was in excess of [her] authority." *Mireles,* 502 U.S. at 13.

This immunity applies equally to court-appointed referees. *Wilson v. Wilson-Polson*, 446 F. App'x 330, 331 (2d Cir. 2011) (New York State Family Court referee absolutely immune from allegations that referee violated plaintiff's procedural due process rights); *Topolski v. Wrobleski*, No. 13-CV-0872, 2014 WL 2215761, at *3 (N.D.N.Y. May 29, 2014) ("Judicial immunity is so broad that judges and referees are not liable to civil actions for their judicial acts, even when such acts are alleged to have been done maliciously or corruptly."); *Renner v. Stanton*, No. 13-CV-1676, 2013 WL 1898389, at *3 (E.D.N.Y. May 7, 2013) (Family Court Referee absolutely immune). Here, Plaintiff fails to assert any plausible claim that Defendant McFarland was without jurisdiction or acted outside

her judicial capacity in presiding over the Family Court matter. Therefore, Defendant McFarland is entitled to absolute immunity.

### IV. Conclusion

For these reasons, the Amended Complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). The Court has considered affording Plaintiff a chance to further amend the complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so because amendment would be futile. A review of the Amended Complaint does not suggest that Plaintiff has inadequately or inartfully pleaded any potentially viable claims.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment in favor of Defendant, to mail a copy of this Order and

the judgment to Plaintiff, to note the mailing on the docket, and to close the case.

SO ORDERED.

    /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    November 29, 2022
           Brooklyn, New York